## In re BRITTINGHAM MFG. CO.

### RUSS MFG. CO. v. BARSKY et al.

(Circuit Court of Appeals, Third Circuit. February 7, 1925.)

#### No. 3227.

Landlord and tenant ⟾264—Statute by which third party's goods on leased premises are made subject to distraint held not repealed by Conditional Sales Act.

Rev. Code Del. 1852, amended to 1893, p. 869, c. 120, § 22, by which goods of a third party found on leased premises are made subject to distraint for rent, was not repealed by implication as to goods held under a contract of conditional sale by the Delaware Uniform Conditional Sales Act.

Petition to Revise from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

In the matter of the Brittingham Manufacturing Company, bankrupt. Petition by the Russ Manufacturing Company to revise an order of the District Court. Affirmed.

For opinion below, see 1 F.(2d) 489.

Robert H. Richards and Aaron Finger, both of Wilmington, Del., for petitioner.

E. Ennalls Berl, of Wilmington, Del., for respondents.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns a soda water fountain sold to the bankrupt on conditional sale and placed on leased premises. Thereafter the landlord distrained for rent and seized the fountain, but before he could sell the tenant was thrown into bankruptcy. Whereupon the owner of the fountain petitioned the court to release its property on the ground that by the laws of Delaware the goods of a stranger placed on leased premises by conditional sale were not subject to distraint for rent. The referee and court below held that such was not the law of that state, and dismissed the petition. Whereupon this appeal was taken. We hold no error was committed in the court's so deciding.

Subject to certain exceptions not here pertinent, a statute of Delaware, see Rev. Code 1852 amended to 1893, p. 869, c. 120, § 22, made the goods of a third party found on leased premises subject to rent distraint.

Robelen v. National Bank, 1 Marv. (Del.) 346, 41 A. 80. For generations this has been the policy, usage, and recognized law of that state in renting. Indeed it was brought into the Province in Colonial times. It is now contended that this law of universal use and long continuance was changed by the Legislature, not by a statute which expressly repealed, but by implication when the Legislature passed the Uniform Conditional Sales Act (chapter 192, vol. 30, Laws of Delaware); and we are pointed to the conditional sales sections printed in the margin [1] as having that effect.

We cannot accept this view. Repeals by implication are not favored, and we are not persuaded that the Legislature of the state, in passing this law as to conditional sales, had in view a radical and important change in its rent law. In that regard we agree with the court below when it said:

"The issue presented by the petitions is narrowed to whether or not section 4 of the act is expressly or by necessary implication in conflict with the pre-existing law with respect to property that is subject to distress for rent. I think it deals with an wholly unrelated matter. It provides, merely, that in a conditional sale contract the provisions reserving title in the seller shall be valid. It does not confer upon the seller rights greater than those to be enjoyed by any other holder of an unquestioned absolute title to goods. The landlord, however, is not concerned with title, and, in my opinion, his lien and rights against the soda fountain and cash register are not different because the title of the petitioners is evidenced by a conditional sale contract from what his lien and rights would have been had the title of the petitioners been otherwise evidenced."

The judgment below is affirmed.

---

[1] "Section 4. Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

"Section 30. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

"Section 32. Except so far as they are applicable to conditional sales made prior to the time when this act takes effect, all acts or parts of acts inconsistent herewith are hereby repealed."